UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CARLOS MOLINA,<br><br>                       Plaintiff,<br><br>-against-<br><br>STATE OF NEW YORK – LETITIA JAMES, et al.,<br><br>                       Defendants. | 1:21-CV-2971 (ER)<br><br>TRANSFER ORDER |

<u>EDGARDO RAMOS, U.S.D.J.</u>:

      Plaintiff Juan Carlos Molina, of Wantagh, Nassau County, New York, brings this *pro se* action in which he challenges his 1982 Nassau County conviction and seeks damages. He sues: (1) Letitia James, the Attorney General of the State of New York, (2) Madeline Singas, the District Attorney of Nassau County, (3) the Estates of Rosalind Gurwin and Joseph Gurwin, of Commack, Suffolk County, New York, and (4) "John Doe – Federal Insurance Company/Chubb Group," of Warren, New Jersey.[1] For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district

---

[1] Plaintiff has paid $402 in fees to bring this action.

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not allege that any defendant resides in this judicial district or that a substantial part of the events or omissions giving rise to his claims arose in this judicial district.[2] Thus, the Court is not a proper venue for this action under § 1391(b)(1) or (2). But Plaintiff does allege that a substantial part of the events or omissions giving rise to his claims occurred in Nassau County, which lies in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the United States District Court for the Eastern District of New York. *See* § 1391(b)(2). The Court therefore transfers this action to that court. *See* 28 U.S.C. § 1406(a).[3]

## CONCLUSION

The Court respectfully directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court also respectfully directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. This order closes this action in this Court.

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties:  (1) New York (Borough of Manhattan), (2) Bronx (Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

[3] To the extent that Plaintiff seeks *habeas corpus* relief with regard to his Nassau County conviction, the Eastern District of New York is the proper venue for such claims for relief. *See* Local Civil Rule 83.3.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 12, 2021
         New York, New York

> EDGARDO RAMOS
> United States District Judge